Albert **KURTZON**

v.

**STERLING INDUSTRIES, INC.**

**Civ. A. No. 32450.**

United States District Court E. D. Pennsylvania.

Jan. 17, 1966.

See also D.C., 228 F.Supp. 696.

Joseph Gray Jackson, Eugene Chovanes, Philadelphia, Pa., George E. Frost, Chicago, Ill., for plaintiff.

Stanley Bilker, Bilker, Kimmelman & Moyerman, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This suit is for infringement of United States Patent No. 2,897,347 to Kurtzon for a "Shallow Fluorescent Lamp Fixture." The defendant answered denying infringement and counterclaimed alleging invalidity, unfair competition, and violation of the antitrust laws. No evidence of the two last mentioned charges was produced, and the only issues left in the case (which has been heard by the Court without a jury) are validity and infringement.

There are two claims, infringement of both of which is charged. Claim 1 is as follows:

> A shallow fluorescent lamp fixture comprising in combination: a main metallic housing plate defining a rectangular roof web and depending skirts along three sides of the roof web, the main housing plate also defining a shallow inwardly turned depending lip along its fourth side; an elongated metallic wireway plate secured to the main housing plate flush with the skirt thereof on the side opposite to the fourth side, the wireway plate having a divider plate secured to its inboard edge and curving upwardly to the roof web to de-·

fine a closed elongated wireway space and a V-slot along the inboard edge of the wireway plate; fluorescent lamp socket elements disposed within the confines of the main housing plate and outside the wireway space; and a diffuser formed of flexible material having an L-shaped conformation with one edge fitting into the V-slot and the opposite edge having a shallow outturned lip which registers under the lip of the main housing plate, the diffuser serving to define a complete shallow fluorescent lamp fixture of rectangular cross-section and having sufficient flexibility to permit removal by flexing the lip inwardly to clear the housing lip.

Claim 2 differs only in that the dropping of one or two rather unimportant features called for by claim 1 makes it a trifle broader.

The commercial embodiment manufactured by the plaintiff is a shallow, rectangular fixture adapted to be installed in a confined space (as beneath an overhead kitchen cabinet) to light up the counter space below, having a translucent shield or light diffuser which can be easily removed for changing lamps or cleaning.

All the elements recited in claim 1 are old except for immaterial variations in their precise size and shape.

The first element, a main housing plate with skirts along three sides, the fourth being provided with an inwardly turned lip along its edge, is simply a designer's choice of the form of enclosure for his fixture. A lip on some part of the housing for the purpose of engaging a flexible diffuser, thus permitting easy removal by flexing the lip inwardly, appears in several prior patents, Schepmoes No. 2,-348,930 and Zingone No. 2,825,798, for example, as well as in the 208P fixture sold by Neo-Ray long before the patent application.

The second element which is essentially a flat plate enclosing the rear portion of the bottom of the housing with an attached upwardly extending partition parallel to the rear wall forms a compartment containing all of the electrical elements other than the lamp socket and lamp. A V-slot to retain the leading edge of the diffuser at the juncture of the plate enclosing the bottom and the partition is called for in claim 1. In claim 2 there is no V-slot, the leading edge of the diffuser being simply slipped over the bottom plate.

There is nothing new about partitioning off a part of the main housing of a lighting fixture to enclose other parts and so make the changing of lamps more convenient. The partitioned off wireway of claim 1, in somewhat different but equivalent form, appears in the above cited references, particularly the Neo-Ray catalog published in 1957, and also in the Garcy catalog (Ex. D-10) as item No. 7615 and the Alkco catalog (Ex. D-5) as item No. 300.

The third element, which calls for the fluorescent lamp socket elements within the main housing but outside the wireway portion, adds little or nothing to the element just referred to. It is to be found in the references cited above.

The fourth element, an L-shaped diffuser of translucent, flexible, plastic material is made so that one edge fits either into the V-slot or over the wireway plate and the other, with its outturned lip, snaps under the flange of the forward edge of the main housing plate.

Flexible diffusers are common in the art. There are a number of arcuate and box-shaped ones all of which are designed to be anchored on the housing resiliently so that they can snap in and out without effort. It is true that none of them can with strict accuracy be described as L-shaped, but the precise shape has nothing to do with their function other than its being adapted to enclose the particular fixture to which it belongs.

In his testimony (though not in his patent) the inventor stressed as an advantage for the L-shape the fact that, by placing the fluorescent lamp close to the back, he causes most of the light to be directed downwardly to its relatively

large flat undersurface and only a small amount to be emitted through the narrow front portion thus producing what he describes as a soft glow in front. However, there is nothing in either of the claims calling for this positioning of the lamp and, if it were a point upon which patentability might be found, it would have to be disregarded since the claim would not then particularly point out and distinctly claim the invention as required by 35 U.S.C. § 112.

■ At any rate, in an invention composed of a number of elements novelty in one of the elements does not necessarily make the invention patentable. The entire combination is what counts. In the present case, the combination produces no new result not readily anticipated. Actually, there are no new functional relationships between its parts. Given the objective of the inventor, namely, the production of a shallow light fixture suitable for installation under kitchen cabinets and in like places, and conveniently designed in case of replacement of lamps, his selection of parts was nothing more than the choice made by a skilled designer, considering the readily available material to be used and the methods of manufacture. The patent discloses a well designed, neat, compact lighting fixture of attractive appearance, but beyond this it makes no contribution to the art.

■ For these reasons, I conclude that the patent is invalid under 35 U.S.C. § 103.

■ Turning now to the question of infringement, the accused fixture answers the description of a shallow, fluorescent, lamp fixture and is so constructed that it would infringe if the patent were valid. It is rectangular, a little thicker than the plaintiff's commercial article, and is intended for the same uses as the patent in suit. Like the patented structure, the forward half of the bottom surface is covered by a flexible, translucent diffuser, easily removable by flexing, which curves upwardly to enclose the forward edge and snaps over a flange on the metal housing. The only points at which the accused structure differs from that of the patent are that the diffuser, in form, is nearer to a "J" than to an "L" and that it is held in place along the front edge by snapping the flange into a groove rather than by slipping it onto an outturned lip. Neither of these differences has any significant effect upon the functioning of the entire combination.

A decree in accordance with the above may be submitted.